**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE MARTIN J. WALSH; U.S. DEPARTMENT OF LABOR, | No. 21-70685 |
| | D.C. No. 2:18-cv-04756-GMS |
| MARTIN J. WALSH, Secretary of Labor; U.S. DEPARTMENT OF LABOR, *Petitioners*, | |
| | OPINION |
| v. | |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA, PHOENIX, *Respondent*, | |
| VALLEY WIDE PLASTERING CONSTRUCTION, INC., DBA Valley Wide Plastering, Inc., an Arizona corporation; JESUS GUERRERO, AKA Jesse Guerrero, an individual; ROSE GUERRERO, an individual; JESSE GUERRERO, JR., AKA JR Guerrero, an individual, *Real Parties in Interest.* | |

Petition for Writ of Mandamus

Argued and Submitted September 13, 2021
San Francisco, California

Filed October 19, 2021

Before:  J. Clifford Wallace, Mary M. Schroeder, and
Danielle J. Forrest, Circuit Judges.

Opinion by Judge Wallace

## SUMMARY[*]

**Petition for Writ of Mandamus / Fair Labor
Standards Act**

The panel denied a petition for a writ of mandamus
seeking to reverse the district court's order requiring the
Secretary of Labor for the U.S. Department of Labor to
disclose by April 2, 2021, the identities of informants who
will testify at trial and to direct the district court not to
require any disclosure of informant witnesses until a date
closer to trial.

The Secretary filed an action against Valley Wide
Plastering Construction, Inc., and various individual
defendants, alleging violations of the Fair Labor Standards
Act.  During discovery, Valley Wide sought the identities of
all informant employees who provided information to the
Secretary.  In response, the Secretary filed a motion for
protective order, invoking the government's informant
privilege and requesting the district court to prohibit Valley
Wide from soliciting information tending to reveal any

---

[*] This summary constitutes no part of the opinion of the court.  It
has been prepared by court staff for the convenience of the reader.

informant identities. The district court granted the motion but also ordered the Secretary to reveal the identities of informants testifying at trial by April 2, 2021. The Secretary thereupon petitioned this court for a writ of mandamus to reverse the district court's order and to direct the district court not to order the Secretary to identify the informant witnesses any earlier than 75 days before trial.

The panel held that the district court's order requiring the Secretary to disclose the identities of informant witnesses and their unredacted witness statements by April 2, 2021, was not clearly erroneous as a matter of law. Applying the third factor set forth in *Bauman v. U.S. Dist. Ct.*, 557 F.2d 650 (9th Cir. 1977), whether the district court's order was clearly erroneous as a matter of law, the panel noted that the record showed that the district court identified a need for Valley Wide to know the identities of informant witnesses by April 2, 2021, before summary judgment motions were due, and carefully balanced the government's interest in nondisclosure before making its decision. The district court did not pick that date arbitrarily and addressed and considered the informant privilege issue on four separate occasions. Considering the particular circumstances of this case, the panel declined to interfere with the district court's day-to-day case management.

## COUNSEL

Amelia B. Bryson (argued), Attorney; Rachel Goldberg, Counsel for Appellate Litigation; Jennifer S. Brand, Associate Solicitor; Elena S. Goldstein, Deputy Solicitor of Labor; United States Department of Labor, Washington, D.C.; for Petitioners.

Daryl Manhart (argued), Susanne E. Ingold, and Aaron Duell, Burch & Cracchiolo P.A., Phoenix, Arizona, for Respondent.

**OPINION**

WALLACE, Circuit Judge:

The Secretary of Labor for the U.S. Department of Labor (Secretary) petitions our court for a writ of mandamus to reverse the district court's order requiring the Secretary to disclose by April 2, 2021, the identities of informants who will testify at trial and to direct the district court not to require any disclosure of informant witnesses until a date closer to trial. We have jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a). We review "the district court's order for clear error and grant[] the writ only where the district court has usurped its power or clearly abused its discretion." *Plata v. Brown*, 754 F.3d 1070, 1076 (9th Cir. 2014) (citation omitted). Because the district court did not clearly err, we decline to issue the writ.

I.

The Secretary filed an action against Valley Wide Plastering Construction, Inc., and various individual defendants (collectively, Valley Wide), alleging violations of the Fair Labor Standards Act. During discovery, Valley Wide sought the identities of all informant employees who provided information to the Secretary. In response, the Secretary filed a motion for protective order, invoking the government's informant privilege and requesting the district court to prohibit Valley Wide from soliciting information tending to reveal any informant identities. The district court held a hearing on the motion and, in a written order, granted

the motion but also ordered the Secretary to reveal the identities of informants testifying at trial by April 2, 2021. The Secretary subsequently filed a motion to reconsider, which the district court denied. The Secretary thereupon petitioned this court for a writ of mandamus to reverse the district court's order directing the Secretary to reveal the identities of informants who will testify at trial and reveal their unredacted interview notes by April 2, 2021, and directing the district court not to order the Secretary to identify the informant witnesses any earlier than 75 days before trial.

## II.

"Mandamus is an extraordinary remedy that may be obtained only to confine [a lower] court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Plata*, 754 F.3d at 1076 (citation and internal quotation marks omitted). Indeed, the Supreme Court has held that only "in extraordinary circumstances—*i.e.*, when a disclosure order 'amount[s] to a judicial usurpation of power or a clear abuse of discretion,' or otherwise works a manifest injustice—a party may petition the court of appeals for a writ of mandamus." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 111 (2009), *quoting Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 390 (2004). "Ultimately, whether to issue the writ is within this court's discretion." *In re Perez*, 749 F.3d 849, 854 (9th Cir. 2014) (citation omitted). "In deciding whether to grant mandamus relief, we consider five factors" known as the *Bauman* factors:

> (1) whether the petitioner has other adequate means, such as a direct appeal, to attain the relief he or she desires; (2) whether the petitioner will be damaged or prejudiced in a

way not correctable on appeal; (3) whether the district court's order is clearly erroneous as a matter of law; (4) whether the district court's order makes an "oft-repeated error," or "manifests a persistent disregard of the federal rules"; and (5) whether the district court's order raises new and important problems, or legal issues of first impression.

*In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011), *quoting Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977). Not every factor is needed for granting a writ of mandamus. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1146 (9th Cir. 2005) ("[I]ndeed, the fourth and fifth will rarely be present at the same time."). However, "[t]he third factor, clear error as a matter of law, is a necessary condition for granting a writ of mandamus." *In re Van Dusen*, 654 F.3d at 841 (citation omitted).

## A.

We start with the third *Bauman* factor, clear error, "because the absence of this factor will defeat a petition for mandamus." *Id.* "Clear error" is a highly deferential standard of review, and we do not issue a mandamus "merely because the petitioner has identified legal error." *Id.* (citations omitted). Rather, the "clear error standard requires of us a 'firm conviction' that the district court misinterpreted the law . . . or committed a 'clear abuse of discretion.'" *In re Perez*, 749 F.3d at 855 (citations omitted).

The government's informant privilege is "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law."

*Roviaro v. United States*, 353 U.S. 53, 59 (1957) (citations omitted). The purpose of the privilege is to promote effective law enforcement and protect the identity of persons who furnish information of violations of law from "those who would have cause to resent the communication." *Id.* at 59–60. The privilege, however, "must give way" "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60–61. "For the informants privilege to give way, the party seeking disclosure has the burden of showing that its need for the information outweighs the government's interest in nondisclosure." *In re Perez*, 749 F.3d at 858. Ultimately, the "proper balancing of these competing interests lies within the discretion of the district court, after taking into consideration 'the particular circumstances of each case.'" *Id.*, *quoting Roviaro*, 353 U.S. at 62.

Here, the Secretary argues that the district court committed clear error by failing to identify any substantial need for Valley Wide to know the identities of informant witnesses at this stage of the litigation that outweighs the Secretary's strong interest in keeping the informants' identities confidential. There is no doubt that the Secretary has an interest in keeping the informants' identities confidential to prevent the possibility of retaliation by Valley Wide. We have repeatedly recognized that the "informants privilege is a particularly effective means of preventing retaliation," and that "an ounce of prevention is worth a pound of cure." *In re Perez*, 749 F.3d at 856–57. Furthermore, this interest is heightened when a trial date has not been set, and it is uncertain when it will be set due to the COVID-19 pandemic and restrictions on courts conducting jury trials.

But it is not our role to re-balance the interests in place of the district court. The clear error standard requires us to determine, with firm conviction, whether the district court misinterpreted the law or clearly abused its discretion. *See id.* at 855. The record shows that the district court did identify a need for Valley Wide to know the identities of informant witnesses by April 2, 2021, and carefully balanced the competing interests before making its decision. Specifically, the district court identified the need for disclosure of the informant witnesses by April 2, 2021, so that Valley Wide could have this information before summary judgment motions were due. The district court did not pick that date arbitrarily and addressed the informant privilege issue on four separate occasions. First, at the hearing for the Secretary's Motion for Protective Order, the district court judge considered all the Secretary's arguments and stated: "I'm going to have you make an earlier disclosure and I'm going to allow the defendants to depose prior to the motions deadline in case other issues are raised which should be the topic of a motion for summary judgment." Dist. Ct. Dkt. No. 122 at 17:14–20. Second, although the district court's written order did not explicitly articulate its reasoning, it cited to the correct legal standard that governs informant privilege, acknowledging that it must balance the competing interests. There is no reason or basis on the record for us to conclude that the district court failed to do so. Third, the district court reiterated that it considered all the Secretary's arguments when it denied its Motion to Reconsider. Finally, the district court again emphasized its reasoning for requiring disclosure on April 2, 2021, in a supplemental order in response to the Secretary's petition. In its supplemental order, the district court confirmed that

> [a]t the time of the Court's Order, discovery cut-off was March 5, 2021 and dispositive

motions were due by May 7, 2021. The Court anticipated that trial would be set soon after. The Court selected the April 2 date to ensure that the identities of the Secretary's testifying informants would be revealed in time for summary judgment motions. The Court reasoned that a later deadline would be unfair to Defendants because Defendants would be unable to effectively address the Secretary's back wage calculation, and perhaps other issues, in the parties' respective summary judgment motions without the testifying informants' identities, and, if necessary requested depositions. Any retaliatory actions taken by Defendants against such employees could, of course, have been raised to the Court. Accordingly, the Court set the disclosure of testifying witnesses after discovery cut-off but prior to the deadline for case dispositive motion practice.

Dist. Ct. Dkt. No. 150 at 1–2.

Therefore, the district court did not clearly err as a matter of law or abuse its discretion to order the Secretary to disclose the identities of informant witnesses by that particular date. Since *Bauman* and its progeny, we have established a high bar for issuing a writ of mandamus, which requires us to have a "firm conviction" that the district court misinterpreted the law or committed a "clear abuse of discretion." *In re Perez*, 749 F.3d at 855. This standard makes the availability of the writ especially difficult "in the discovery context for two important reasons." *Id.* at 854. "First, this court is particularly reluctant to interfere with a district court's day-to-day management of its cases." *Id.*

(citation omitted). Second, "the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Id.* (citation omitted). Moreover, the issue here is not *whether* the identities of the informant witnesses should be disclosed at all but *when* should they be disclosed. In its order, the district court stated that the Secretary "will be required, and has already agreed to, disclose the identities of the informants who are selected to testify and produce their unredacted witness statements." Dist. Ct. Dkt. No. 123 at 4. Thus, the Secretary is not opposing the disclosure itself. Instead, the Secretary is only opposing the disclosure on an earlier date, which is a decision that is even more subject to the district court's discretion. *Cf. In re Perez*, 749 F.3d at 858 ("The proper balancing of these competing interests lies within the discretion of the district court, after taking into consideration 'the particular circumstances of each case.'" (citation omitted)). Considering the particular circumstances of this case, we decline to interfere with the district court's day-to-day case management.

We conclude that the Secretary has failed to satisfy the third *Bauman* factor. Since "[t]he third factor, clear error as a matter of law, is a necessary condition for granting a writ of mandamus," we need not consider the other *Bauman* factors. *In re Van Dusen*, 654 F.3d at 841.

III.

We hold that the district court's order requiring the Secretary to disclose the identities of informant witnesses and their unredacted witness statements by April 2, 2021, is not "clearly erroneous as a matter of law." *Bauman*, 557 F.2d at 654. The petition for writ of mandamus is accordingly **DENIED**.